# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry 29]

Name of Offender: <u>Dontae Thomas</u>   Case Number: <u>3:13-00073</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>November 7, 2013</u>

Original Offense: <u>18 U.S.C. 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>42 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>May 29, 2016</u>

Assistant U.S. Attorney: <u>Clay Lee</u>   Defense Attorney: <u>Ronald Small</u>

## PETITIONING THE COURT

**X**   To Consider Additional Violations/Information.
_____   To issue a Summons.
_____   To issue a Warrant.

## THE COURT ORDERS:
☐ No Action.
☒ The Consideration of Additional Violations/Information.
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution.
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other.

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this __9__ day of __Sept__, 2016,
and made a part of the records in the above case.

/s/ Wendi Potter
Wendi Potter
U.S. Probation Officer

/s/ Todd Campbell
Todd J. Campbell
U.S. District Judge

Place   Nashville, TN

Date   September 9, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry 29, has been amended as follows:

<u>Violation No. 1</u> - has been amended to include additional positive drug tests.

<u>Violation No. 2</u> - has been amended to include additional non-compliance with drug testing and treatment.

<u>Compliance with Supervision</u> - has been amended to include additional information.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

**1.**   **<u>The defendant shall refrain from any unlawful use of a controlled substance.</u>**
On June 22, 2016, Mr. Thomas tested positive for the use of a prescription amphetamine. When questioned, Mr. Thomas admitted to ingesting an Adderall pill on June 20, 2016, to help him stay alert at work. Mr. Thomas has not been prescribed Adderall by a physician.

**Mr. Thomas tested positive for cocaine on August 17 and August 31, 2016. He denied use of cocaine on August 17, 2016, however, admitted to using cocaine on August 29, 2016.**

**2.**   **<u>The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer.</u>**
Mr. Thomas scheduled a substance abuse assessment on four separate occasions and has failed to report for all of them.

On May 31, 2016, the probation officer instructed Mr. Thomas on the special conditions of supervised release, specifically to complete a substance abuse assessment at Centerstone Mental Health. A referral was completed at that time, and he was instructed to schedule an assessment at his earliest convenience. On June 17, 2016, Mr. Thomas scheduled the assessment for June 28, 2016. The treatment provider reported that Mr. Thomas missed his appointment. Mr. Thomas claimed that the provider never contacted him regarding the appointment for an assessment. He called the provider immediately to reschedule for July 5, 2016. On July 5, 2016, the probation officer was notified by the provider that Mr. Thomas did not show for his appointment. The probation officer called Mr. Thomas immediately, admonished him for the missed appointment, and instructed him to reschedule. Mr. Thomas claimed that he forgot due to work. The provider gave him with yet another appointment to be held on July 7, 2016. On July 7, 2016, Mr. Thomas called the probation officer in a panic explaining that he didn't have transportation from work to the provider and would miss the third scheduled assessment. The probation officer pointed out that he continued to schedule the appointments, at his convenience, and that the assessment is court-ordered, not optional. On July 21, 2016, the therapist confirmed that he spoke to Mr. Thomas on July 13, 2016, and scheduled, for the fourth time, an appointment to complete an assessment for July 20, 2016.

On July 20, 2016, the treatment provider reported that Mr. Thomas did not show for the scheduled assessment for the fourth time. The director, Lori Shelly, indicated that they can't continue to schedule Mr. Thomas without having a definitive plan in place to ensure he attends his appointment.

> **On August 30, 2016, Mr. Thomas failed to report to the probation office for drug testing. The probation officer attempted to reach him via phone, however, the number was no longer taking calls. Mr. Thomas did report for drug testing the next day.**
>
> **The probation officer contacted Mr. Thomas via phone on September 9, 2016, and he confirmed that he has a substance abuse assessment with the Elam Center scheduled for September 12, 2016.**

### Compliance with Supervision Conditions and Prior Interventions:
Dontae Thomas began his term of supervised release on May 29, 2016, and is due to terminate supervision on May 28, 2019. Mr. Thomas lives in Nashville, Tennessee, and is employed with Cabana Restaurant.

On July 8, 2016, a report was submitted to the Court reporting the unlawful use of a prescription amphetamine (Adderall). The Court ordered no action necessary on the same day.

To date, Mr. Thomas has missed four intake assessments that he scheduled at his convenience. The treatment provider is hesitant to reschedule the appointment for the fifth time without a definitive plan in place to guarantee his attendance.

**The probation officer submitted a petition for summons to the Court on July 25, 2016, reporting Mr. Thomas' four missed appointments for an assessment with Centerstone Mental Health. The Court ordered the issuance of a summons on the same day.**

**The summons was served by the probation office, and Mr. Thomas was present for the initial appearance before Magistrate Judge Bryant on August 9, 2016. The Court ordered he be released on bond and that he must abide by the conditions previously set forth.**

**On August 23, 2016, Mr. Thomas contacted the probation officer and admitted that he "needs help" and that Centerstone will not give him an appointment. The probation officer sent the treatment provider an e-mail notifying that court action had been initiated and requested an appointment on Mr. Thomas' behalf. The probation officer received no response from the provider, to date.**

**Mr. Thomas has taken initiative to contact a community provider, the Elam Center, and scheduled an assessment for September 12, 2016.**

### Update of Offender Characteristics:
There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:
The probation officer respectfully recommends the Court consider these additional violations and information when Mr. Thomas appears to answer to the violation behavior outlined above. Assistant United States Attorney Clay Lee has been notified of the violations.

Approved: _____
　　　　　　Britton Shelton
　　　　　　Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DONTAE THOMAS, CASE NO. 3:13-00073

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | 6-12 months *U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **3 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | **No recommendation** |

18 U.S.C. § 3583 (e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. The Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*/s/ Wendi Potter*
Wendi Potter
U.S. Probation Officer

Approved: */s/ Britton Shelton*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Dontae Thomas

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:13CR00073 - 1

3. **District/Office** Middle District of Tennessee/Nashville

4. **Original Sentence Date** 11 / 7 / 2013
       *month  day  year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Unlawful use of a controlled substance. | C |
   | Failure to participate in drug testing and substance abuse treatment. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    IV

10. **Range of Imprisonment** *(see §7B1.4(a))*    6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Dontae Thomas

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)       _____    Home Detention            _____

    Other         _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment (see §7B1.3(e)):** _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002